593 So.2d 305 (1992)
Milton Earl McFARLANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1506.
District Court of Appeal of Florida, Third District.
January 28, 1992.
*306 Bennett H. Brummer, Public Defender, and May L. Cain, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before FERGUSON, JORGENSON and LEVY, JJ.
PER CURIAM.
McFarlane's first contention on appeal is that the trial court abused its discretion in admitting into evidence a number of colored photographs of the deceased codefendant. A review of the record shows that the photographs were used to prove many issues at trial including the identification of the co-defendant, whether deadly force was necessary, the presence of a firearm, the nature and extent of the wounds, and the layout of the scene where the body was found. Because the photographs had probative value on the issues, we cannot agree with appellant that the trial court abused its discretion in admitting them into evidence. See Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975); cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976) (trial court's decision to admit photographs should not be disturbed unless clearly abusive or patently in error); King v. State, 545 So.2d 375 (Fla. 4th DCA) (same), rev. denied, 551 So.2d 462 (Fla. 1989); Zamora v. State, 361 So.2d 776 (Fla. 3d DCA 1978) (same), cert. denied, 372 So.2d 472 (Fla. 1979).
Nor do we agree with appellant that the trial court erred in denying his motion for judgment of acquittal on the second-degree felony-murder charge. Shortly after the robbers left the crime scene in a stolen Monte Carlo, they were spotted and chased by police officers. The defendant surrendered; the armed decedent was shot by an officer as he continued to flee on foot through a residential neighborhood. We hold that there was no break in the chain of events sufficient to relieve the appellant of criminal responsibility for the death of his accomplice. Campbell v. State, 227 So.2d 873 (Fla. 1969), cert. dismissed, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970); Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981).
Finding no error in the other points raised by the appellant, the judgment is affirmed.