602 So.2d 966 (1992)
Maurice BRYANT, a/k/a Ronald Sapp, a/k/a Maurice Long, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1727.
District Court of Appeal of Florida, Third District.
June 16, 1992.
Rehearing Denied September 8, 1992.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Marc E. Brandes, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
PER CURIAM.
Maurice Bryant appeals his conviction for robbery. We conclude that under the circumstances of the present case, the arresting officer should not have been permitted to testify, over defendant's objection, to the reason he initiated surveillance of the defendant. See State v. Baird, 572 So.2d 904, 907-08 (Fla. 1990). The admission of the evidence was, however, harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Over defense objection the trial court gave the jury a flight instruction. The supreme court recently held that "the better policy ... where evidence of flight has been properly admitted is to reserve comment to counsel... ." Fenelon v. State, 594 So.2d 292, 295 (Fla. 1992). While, in this case, the objection to the flight instruction was sufficient and we must apply Fenelon retroactively, see Smith v. State, 598 So.2d 1063 (Fla. 1992), we nonetheless find the error harmless. See Fenelon, 594 So.2d at 293.
Affirmed.