601 So.2d 1263 (1992)
Emilio SANCHEZ-BASULTO, a/k/a El Jabao, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-642.
District Court of Appeal of Florida, Third District.
June 30, 1992.
Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
Emilio Sanchez-Basulto seeks reversal of his convictions for second degree murder and unlawful possession of a weapon. Defendant raises several issues on appeal; none merits reversal. We affirm.
Addressing the issues, we conclude, first, that the trial court erred in giving a flight instruction over defense objection. Fenelon v. State, 594 So.2d 292 (Fla. 1992); Bryant v. State, 602 So.2d 966 (Fla. 3d DCA 1992). However, reversal is not mandated. *1264 Upon consideration of the evidence supporting defendant's guilt, which included uncontroverted eyewitness testimony, we conclude that the state has established beyond a reasonable doubt that the error was harmless. Bryant.
Second, we find that the trial court did not abuse its discretion in limiting defendant's cross-examination of several witnesses. The restricted cross-examination was either beyond the scope of direct examination, an improper attempt to present defensive evidence or an improper area of cross-examination. Gunsby v. State, 574 So.2d 1085 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 136, 116 L.Ed.2d 103 (1991); Penn v. State, 574 So.2d 1079 (Fla. 1991); Steinhorst v. State, 412 So.2d 332 (Fla. 1982).
Third, we find that the trial court properly admitted into evidence photographs of the victim. The medical examiner used the photographs in testifying about the victim's wounds, the type of weapon used, how the wounds were inflicted, and the cause of the victim's death. In addition, the medical examiner and a detective employed the photographs to depict the defensive nature of some of the wounds. The photographs were relevant to the issues at trial and their probative value outweighed any prejudicial effect. Thompson v. State, 565 So.2d 1311 (Fla. 1990); Haliburton v. State, 561 So.2d 248 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991); McFarlane v. State, 593 So.2d 305 (Fla.3d DCA 1992).
Finally, we hold that the prosecutor's remarks during closing argument were not "`fairly susceptible' of being interpreted by the jury as referring to ... defendant's failure to testify... ." David v. State, 369 So.2d 943, 944 (Fla. 1979); see State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); State v. Kinchen, 490 So.2d 21 (Fla. 1985). Instead, the remarks concerning the eyewitness testimony, taken in context, fell within the purview of permissible comment on the evidence. See Johnston v. State, 497 So.2d 863 (Fla. 1986); State v. Sheperd, 479 So.2d 106 (Fla. 1985); Torres v. State, 541 So.2d 1224 (Fla. 2d DCA), reversed on other grounds, 548 So.2d 660 (Fla. 1989).
Accordingly, defendant's convictions are affirmed.