622 So.2d 186 (1993)
Silas GRANT, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1402.
District Court of Appeal of Florida, Third District.
August 17, 1993.
Silas Grant, in pro. per.
Robert A. Butterworth, Atty. Gen., and Stephanie G. Kolman, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
The defendant was charged with trafficking in cocaine and conspiracy to traffic in cocaine, in which he was found guilty on both charges and sentenced to a minimum mandatory term of fifteen years on each count to run concurrently.
The appellant claims that he was impermissibly charged with a disjunctive pleading because the charging document alleged he "was knowingly in actual or constructive possession of and/or did knowingly purchase 400 or more grams of cocaine... ." Plainly, section 893.135(1)(b)(1), Florida Statutes (1991) provides that a person may be charged in the disjunctive. Florida Rule of Criminal Procedure 3.140(k)(5) permits alternative or disjunctive allegations of this nature and Florida Rule of Criminal Procedure 3.140(o) provides that no motion to quash or dismiss for such a defect shall be granted unless the court finds the information so vague or indistinct as to mislead or embarrass the *187 defendant in preparation of a defense. In this case, a reading of the information discloses that the defendant was not prejudiced or misled because the trafficking with which he was charged is one which could plainly be accomplished by one or more of several means, so that it was not a defective disjunctive pleading. State v. Fernandez, 546 So.2d 791 (Fla. 3d DCA 1989); State v. Mena, 471 So.2d 1297 (Fla. 3d DCA 1985).
We similarly reject the appellant's contention that the evidence was insufficient to support his conviction for trafficking in cocaine. In this case, it was the defendant who initiated the first cocaine purchase which was buttressed by taped telephone conversations of the would-be purchasers. A rental car agreement discloses that the vehicle which was used in the transaction and was later confiscated was listed in the defendant's name. Moreover, the defendant's money was displayed during the transaction and he assisted in counting it. Next, the defendant's challenge to certain submitted jury instructions was not preserved for review by a contemporaneous specific objection.
Finally, defendant's claim of ineffective assistance of counsel does not facially appear in the record of the cause. Consequently, we affirm his conviction without prejudice to him to present such a claim to the trial court via Florida Rule of Criminal Procedure 3.850.
Affirmed without prejudice.