ALTENBERND, Judge.
Chester Robinson appeals the summary denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The state filed an information charging Mr. Robinson with two counts of armed robbery and one count of robbery. In April 1993, he was tried on only a single count, armed robbery with a firearm. The jury found him guilty. In June 1993, he was sentenced on this offense and, pursuant to a plea agreement, on the remaining offenses. For the offense that was tried by jury, he received a sentence of twenty years’ incarceration as a habitual violent felony offender, which included a fifteen-year and a three-year minimum mandatory term. He received concurrent sentences of equal or lesser terms on the other two offenses. He appealed to this court, and we affirmed the direct appeal.
In his posteonviction motion, Mr. Robinson argues five grounds for relief, only two of which merit discussion. First, he raises a claim of ineffective assistance of counsel. He maintains that the prosecutor made a reference to his failure to testify. Mr. Robinson admits that his attorney objected to the argument and that the trial judge overruled the objection. Nevertheless, he contends that his attorney should have requested a curative instruction when the objection was overruled. The trial court summarily denied this ground without any attachments because the issue allegedly had been raised and affirmed on direct appeal.
In many instances, the fact that a legal issue was briefed on direct appeal does not preclude a posteonviction claim that trial counsel handled the issue ineffectively during the trial. See, e.g., Green v. State, 642 So.2d 847 (Fla. 5th DCA 1994); Grant v. State, 622 So.2d 186 (Fla. 3rd DCA 1993). Indeed, it is possible for a direct appeal to result in an affirmance because trial counsel failed to properly preserve the issue for direct appeal. Steinhorst v. State, 412 So.2d 332 (Fla.1982). Moreover, our file from the direct appeal establishes that appellate counsel did not brief any issue relating to a comment on Mr. Robinson’s right to remain silent.[1] Thus, the trial court’s reason for summary denial of this motion was incorrect.
Nevertheless, we affirm the denial of relief on this claim after reviewing the critical portions of the transcript submitted by Mr. Robinson with his motion. The transcript clearly reveals that his appellate counsel did not pursue this issue because the comment was not fairly susceptible as being interpreted as a comment on his decision to *38 remain silent. Torres v. State, 541 So.2d 1224 (Fla. 2d DCA), reversed on other grounds, 548 So.2d 660 (Fla.1989); Sanchez-Basulto v. State, 601 So.2d 1263 (Fla. 3d DCA 1992). The trial judge presiding at Mr. Robinson’s trial did not err in overruling the objection and had no need to give a curative instruction. Thus, the issue cannot support a claim of ineffective assistance of trial counsel.
As a second ground, Mr. Robinson argues that his pleas to the remaining counts were involuntary because he was not adequately informed of the consequences of habitualization and of the minimum mandatory terms. His own attachments to the motion establish that he received a lengthy sentence as a habitual offender, including a long mandatory term in the case that was tried by jury. He did not negotiate that sentence, and it is an appropriate sentence. The remaining sentences, including the minimum mandatory terms, were all orally announced as concurrent sentences. It is clear from the record that Mr. Robinson was offered favorable treatment on the remaining counts in light of the long sentence resulting from the trial. The defendant has not alleged any factual basis to conclude that his pleas to these concurrent sentences were uninformed or that his pleas prejudiced him in any manner.
Affirmed.
DANAHY, A.C.J., and LAZZARA, J., concur.

. We assume that an issue concerning the prosecutor’s comment was identified by trial counsel in the statement of judicial acts to be reviewed, although our record contains no documentary support for this assumption.