GREEN, J.
This appeal arises from a final judgment of conviction and sentence for first degree murder, armed robbery, and armed burglary after a jury trial. Based upon the supreme court’s recent decision in Miller v. State, No. 85,744 (Fla. Apr. 1, 1999), we reverse the appellant’s conviction and sentence for armed burglary.
Section 810.02(1), Florida Statutes (1995), defines burglary as the “entering or remaining in a dwelling, a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.” (emphasis added). In Miller, the supreme court held that if a defendant establishes that the premises were open to the public, then this is a complete defense. See No. 85,744 at 3; see also Collett v. State, 676 So.2d 1046, 1047 (Fla. 1st DCA 1996) (reasoning that “[Pjremises are either open to the public or they are not, and the fact that persons with criminal intent have not been given permission to enter has no effect on whether premises are open to the public.”); Ray v. State, 522 So.2d 963, 967 n. 6 (Fla. 3d DCA 1988) (stating “that the premises are open to the public is a complete defense to a burglary charge[.]”). The state properly concedes that the grocery store was open to the public when the appellant and his co-defendants entered the same. The appellant thus met his burden of establishing the affirmative defense of consent. See Miller, No. 85,744 at 4. We therefore reverse his conviction and sentence for armed burglary.
We find no merit to appellant’s remaining issue on appeal and accordingly, affirm his conviction and sentences on the remaining two counts.
Reversed in part and affirmed in part.