751 So.2d 665 (2000)
Nelson Jose VARGAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-472.
District Court of Appeal of Florida, Third District.
January 12, 2000.
Rehearing Denied March 22, 2000.
Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and FLETCHER, JJ.
*666 PER CURIAM.
Nelson Jose Vargas, the defendant, appeals his conviction for two counts of first degree murder, one count of armed robbery, and one count of burglary with assault or battery while armed. We affirm his convictions for first degree murder and armed robbery but reverse his conviction for burglary.
The convictions arose from the killing of two people at Elite Photography on the night of July 2, 1994, and the theft of a TV and VCR from the premises. Elite Photography is a business in which customers pay to watch models in various stages of undress. Customers would ring a bell for admittance, and the manager would decide whether to let them in. Between 11:00 p.m. and midnight on July 2, 1994, the defendant and four others entered Elite. Two members of the group led the manager and a female employee into a back room and executed them. Although the defendant was not directly involved in the shooting, he took a TV and VCR from the premises. At trial, the defense objected to several of the photographs taken of the victims. The defense argued that these photographs were gruesome, duplicative, and unnecessary. The defense counsel also claimed that their probative value was outweighed by their prejudicial impact. The trial court admitted all of the photographs. The jury convicted the defendant of first degree murder, armed robbery, and burglary with assault or battery while armed.
The defendant contends that the trial court allowed numerous unnecessary photographs into evidence which could have influenced the jury's verdict because they were gruesome, irrelevant and duplicative. The trial court did not abuse its discretion in admitting all of the photographs into evidence. Admission of photographic evidence is within the discretion of the trial court; a ruling on that issue will only be disturbed on appeal where there is a clear showing of abuse of that discretion. See Pangburn v. State, 661 So.2d 1182 (Fla.1995). Almost any photograph of a homicide victim is gruesome. But here, the trial judge viewed the photographs and determined that their probative value outweighed any prejudicial effect. Photographs which assist the medical examiner in explaining wounds found on a murder victim are admissible. See King v. State, 623 So.2d 486 (Fla.1993). The Medical Examiner used the photographs during his testimony to illustrate the nature of the wounds and the element of premeditation for the first degree murder charges. Because the photographs were relevant to the medical examiner's testimony, the trial court did not abuse its discretion in admitting them. See Lott v. State, 695 So.2d 1239 (Fla.1997) (no abuse of discretion where admitted photographs were probative of the premeditated murder charge); see also Gudinas v. State, 693 So.2d 953, 963 (Fla.1997) (pictures were necessary to explain location and extent of wounds); Sanchez-Basulto v. State, 601 So.2d 1263 (Fla. 3d DCA 1992) (admittance of photographs was probative of the nature of the victim's wounds, type of weapon used, and cause of victim's death).
The defense next contends that his burglary conviction should be reversed because Elite was open to the public. We agree. Burglary involves the intent to commit an offense in a structure "unless the premises are at the time open to the public." Fla. Stat. § 810.02(1) (1993). It is a complete defense to the charge of burglary if the defendant can establish that the premises were open to the public. See Miller v. State, 733 So.2d 955, 957 (Fla.1998); Brown v. State, 731 So.2d 773 (Fla. 3d DCA 1999). Elite Photography remained open until 2:00 a.m. every night. The defendant entered the business during its regular business hours. While it is true that the manager of Elite physically had to open the door to customers, the act of ringing a bell to gain admittance is very common among businesses including jewelry stores and pawn shops. As here, their services are still offered to the public *667 despite the added security measure. Furthermore, the record is devoid of any evidence that Elite limited admittance or required membership to enter. The only refusal occurred when the defendant wanted to use a credit card; however, upon presentation of cash, he was admitted.
Additionally, the state has failed to prove that the TV and VCR were in a private office. See Johnson v. State, 737 So.2d 555 (Fla. 1st DCA 1999) (burglary committed where owner specifically told defendant that area behind convenience store counter was not open to the public despite the store itself being open to the public). The record is silent on which room the items were taken from and whether the room was actually private. Therefore, because the business was open to the public at the time of the offense and the state has not proven that the items were located in a private area, the burglary conviction must be reversed.
For the above reasons, we reverse the defendant's burglary conviction but affirm his other convictions.
AFFIRMED in part; REVERSED in part.