943 So.2d 224 (2006)
Takoya CRINER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3139.
District Court of Appeal of Florida, First District.
November 3, 2006.
Rehearing Denied December 7, 2006.
*225 Tony L. Axam of Axam & Adams, P.A., Atlanta, Georgia and Ronald Scott Lowy, Miami, for Appellant.
Charles J. Crist, Jr., Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Criner appeals his convictions and sentences for two counts of first-degree murder and one count of attempted first-degree murder. Criner raises ten issues on appeal. We affirm and only address three issues raised by appellant.
Criner argues the trial court erred when it denied his motion for judgment of acquittal. When a defendant moves for a judgment of acquittal, he "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Lynch v. State, 293 So.2d 44, 45 (Fla.1974). A judgment of acquittal should only be granted when the jury cannot reasonably view the evidence in any manner favorable to the opposing party. Id. Contrary to Criner's assumption, the state did not rest this prosecution on circumstantial evidence. In this case, the state presented testimony from one of the victims that Criner, without provocation, fired multiple times while shooting the victims from behind. Under the appropriate standard of review, the trial judge properly denied Criner's motion for judgment of acquittal. See Jones v. State, 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) ("If the evidence is legally sufficient to support the elements of the alleged crime, the trial court has no discretion to acquit the defendant by taking the case from the jury.").
Criner also argues the state failed to prove premeditation. At trial, the state offered evidence that Criner committed the murders with a .380 semiautomatic handgun. The state's evidence supports an inference that Criner brought the loaded handgun to the scene of the crime. One of Criner's victims testified that Criner drank beer and played video games with the victims for thirty minutes prior to the killings. The victim testified that Criner simply started shooting the victims in the absence of any provocation. Expert *226 testimony revealed that Criner shot the victims from behind while they played video games. The evidence also indicated that, after the shootings, Criner fled to a waiting car, which then sped away. Accordingly, the state presented substantial evidence showing Criner acted with premeditation. See Dupree v. State, 615 So.2d 713, 715 (Fla. 1st DCA 1993).
Finally, Criner argues ineffective assistance on direct appeal. The grounds raised all concern strategic decisions made by defense counsel. As the claims of ineffective assistance are not apparent on the face of the record, we decline to review them. See Grant v. State, 622 So.2d 186, 187 (Fla. 3d DCA 1993). The convictions and sentences are AFFIRMED.
KAHN, BENTON, and LEWIS, JJ., concur.