# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2024-1482

———————————————

ALAN MICHAEL KELLY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

March 4, 2026

TREADWELL, J.

Appellant was found guilty by a jury of burglary by unlawful entry, aggravated assault by threat with a deadly weapon, and criminal mischief. We affirm the judgment and sentence with respect to all issues raised on appeal, and we issue this opinion only to address Appellant's argument that the trial court erred when it denied Appellant's motion for judgment of acquittal on the burglary count.

## I.

"This Court reviews the denial of a motion for judgment of acquittal de novo 'to determine whether competent, substantial evidence supports the elements of the crime.'" *Carter v. State*, 238 So. 3d 362, 364 (Fla. 1st DCA 2017) (quoting *Chambers v. State*,

200 So. 3d 242, 245 (Fla. 1st DCA 2016)). "A judgment of acquittal should only be granted when the jury cannot reasonably view the evidence in any manner favorable to the opposing party." *Id.* (quoting *Criner v. State*, 943 So.2d 224, 225 (Fla. 1st DCA 2006)); *see also Scott v. State*, 414 So. 3d 464, 467 (Fla. 1st DCA 2025) ("The evidence must be construed in the light most favorable to the State when ruling on a motion for judgment of acquittal.").

In this case, the evidence viewed in the light most favorable to the State shows the following. On November 18, 2022, Appellant forcibly entered his ex-girlfriend's house, without warning, by breaking the locked front door. The ex-girlfriend was on the opposite side of the house and was unaware of Appellant's presence until he walked through the house and, armed with a shotgun, threatened to shoot her in the face. She got scared and went into another room while her sister confronted Appellant and got him back outside on the porch. Meanwhile, the sister's son jumped into a car to get help. From the porch, Appellant briefly pointed his shotgun at the sister's son, but the sister hollered and further confronted Appellant. The son drove off. Appellant then returned to his truck and drove off.

During cross-examination, the ex-girlfriend testified that, prior to this incident, Appellant was "always welcomed" to her house. In fact, it was common for him to stay at her house and her to stay at his house, but they never lived together. She further explained that Appellant did not need to call ahead to get permission to come over.

After the State rested, Appellant moved for judgment of acquittal on the burglary count. He argued that the ex-girlfriend's testimony demonstrated that he had consent to enter the house as an invitee, therefore his forced entry was lawful. The trial court denied the motion.

On appeal, Appellant again argues that the ex-girlfriend's testimony that he was "always welcomed" to her house established the affirmative defense of consent to be inside her house. As a result, the State then had the burden of disproving that defense beyond a reasonable doubt. Appellant contends that the State offered no evidence that the ex-girlfriend revoked her consent for Appellant to enter her house, therefore his motion should have

been granted. In response, the State argues that a rational jury could have concluded beyond a reasonable doubt that Appellant lacked consent to enter the house based, in part, on his forced entry. We agree with the State.

## II.

One way a person commits a burglary is by entering a dwelling with the intent to commit an offense. § 810.02(1)(b), Fla. Stat. (2022). But if the person is licensed or invited to enter, there is no burglary. *Id.* Thus, an owner's consent for the defendant to enter the dwelling is an affirmative defense to burglary. § 810.015(3), Fla. Stat. (2022).

Appellant's ex-girlfriend testified that Appellant was "always welcomed" to her house, even unannounced, prior to this incident. But Appellant never lived at her house, and there is no evidence that he could enter as he pleased. Viewing this evidence in the light most favorable to the State, the ex-girlfriend's testimony only supports an invitation to arrive at her door, not to enter her home whenever Appellant wished. In other words, a reasonable jury could infer that an owner of a dwelling does not give consent to enter the dwelling by extending a blanket invitation to come over anytime. The common, colloquial invitation to "come over anytime" does not necessarily grant permission to enter a residence at any time. After all, there is a significant difference between arriving at a front door unannounced, with hopes of being let in, and actually walking inside unannounced. Accordingly, a jury could reasonably conclude that the ex-girlfriend's general invitation to come over and be "welcomed" did not grant Appellant consent to enter the dwelling. Appellant is therefore mistaken that her testimony established the affirmative defense of consent *to enter*.

Nevertheless, even if the ex-girlfriend's testimony was competent evidence of consent to enter, the State only had the burden of contradicting that evidence to the extent that a jury *could* conclude that there was no reasonable doubt as to the defendant's guilt (i.e., lack of consent), to survive the motion for judgment of acquittal. *Williams v. State*, 468 So. 2d 447, 449 (Fla. 1st DCA 1985), *aff'd,* 492 So. 2d 1051 (Fla. 1986). The State can prove a defendant's lack of consent with circumstantial evidence. § 810.015(3), Fla. Stat.

Here, the State met its burden by presenting evidence of Appellant's forced entry into the dwelling while the owner was present. Forced entry is generally evidence of an uninvited entry. *See, e.g., Tobler v. State*, 371 So. 2d 1043, 1045 (Fla. 1st DCA 1979) ("Appellant's forced entry into the fenced area was one burglary, and his later forced entry into the enclosed trailer parked within the fenced area was a second burglary."). After all, burglary is a crime against one's security in a dwelling. *See Colley v. State*, No. SC2024-1011, 2025 WL 3763551 at *19 (Fla. Dec. 30, 2025) (noting that "burglary is a disturbance to habitable security").

The Florida Supreme Court recently denied relief to a defendant who was convicted of burglary for entering the home where he previously lived and still often visited. *Id*. The Court reasoned that any prior consent he had to visit the home was revoked, because he forcibly entered and attacked his ex-wife and her guests. *Id*. The Court explained,

> Despite any previous invitations she may have extended to Colley to visit her at the marital home, there is nothing to suggest that she invited Colley on August 27, 2015. And even if a "standing invitation" existed, a reasonable person would understand that any such invitation was revoked the moment Colley shot through the sliding glass door at Amanda and her friends inside. It is totally unreasonable to suggest that Colley could have believed he was welcome to enter by violently destroying the door and immediately opening fire.

*Id*. Similarly in this case, a reasonable jury could conclude that Appellant was not welcome, despite his previous visits, to enter his ex-girlfriend's home by violently breaking the door and threatening her life on November 18, 2022. Thus, the trial court did not err by denying the motion for judgment of acquittal.[1]

---

[1] For purposes of a motion for judgment of acquittal, the question of whether there is competent evidence from which the jury *could* infer guilt is a question of law. *Aguirre-Jarquin v. State*, 9 So. 3d 593, 605 (Fla. 2009) (emphasis added).

Appellant's reliance on this Court's opinion in *D.R. v. State*, 734 So. 2d 455 (Fla. 1st DCA 1999), is unavailing. In that case, D.R. had been staying at the residence when the power was cut off and the owner temporarily moved out, after which D.R. admitted to reentering the residence to retrieve his clothes. 734 So. 2d at 457, 459. When the owner returned, an $800 stereo, a $30 cellular phone, and some jewelry were also missing from the residence. *Id*. at 457. Because D.R. admitted to entering the residence, this Court focused on whether the State presented evidence of D.R.'s knowledge that his entry was without consent. *Id*. at 459-60. First, this Court determined that D.R. "clearly" had consent to enter the residence because the owner had permitted him to stay on the couch during the nights immediately preceding the alleged burglary. *Id*. at 459. Based on that competent evidence of consent, the State then had the burden to show that the consent had been withdrawn when the owner temporarily moved out. *Id*. This Court observed, "Nothing in the record suggests that consent to enter, once given to D.R., was ever withdrawn expressly or by implication and communicated to him." *Id*. at 460. Thus, the State failed to meet its burden. *Id*. at 456.

Here, unlike in *D.R.*, Appellant was not living or staying at his ex-girlfriend's house immediately preceding the events on November 18, 2022. As a result, *D.R.* does not support the legal conclusion that he had consent to enter the house that day. Moreover, in *D.R.*, the owner was absent when D.R. entered the residence; there was no opportunity for D.R. to be let inside by the owner. Here, Appellant's ex-girlfriend was inside her house, yet Appellant forcibly entered by breaking through the locked door. No reasonable jury could infer that Appellant had consent to enter by forcible means when the owner was present and able to let him inside. For these reasons, the holding with respect to the unique facts in *D.R.* is not applicable to this case.[2]

---

[2] Notably, in *D.R.*, there was some testimony about a forced entry. 734 So. 2d at 457. But such testimony did not factor into this Court's analysis. Rather, the case turned solely on whether D.R.'s consent to enter was withdrawn by the owner. *Id*. at 460. This Court offered no opinion on whether a defendant's consent to enter a residence includes entering by means of forced entry. We are

Accordingly, the trial court properly denied Appellant's motion for judgment of acquittal. We affirm on all issues.

AFFIRMED.

LEWIS and ROBERTS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Kathleen Pafford, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.

---

certainly doubtful of that contention, absent evidence of express permission or exigent circumstances. Regardless, neither party in this case mentioned or relied on the aspect of forced entry in *D.R.*, and we find it unavailing here.

6