838 So.2d 661 (2003)
Martine SELLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4784.
District Court of Appeal of Florida, First District.
March 4, 2003.
*662 Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Karen Armstrong, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Martine Yusef Sellers, appellant, challenges his conviction and sentence for grand theft, arguing that the trial court erred in denying his motion for judgment of acquittal on the charge of grand theft because the State failed to present sufficient evidence that the value of the stolen property exceeded $300. We agree and reverse the conviction and sentence and remand to the trial court for further proceedings.
At trial, the State relied upon the testimony of the victim of the grand theft, the owner of the property, to establish the value of the stolen property. The State asked the victim to give "either the fair market value or the replacement value ... on the total of the items" of the property. The victim testified that it was "probably about $500" then stated that including the clothing (that was also stolen), it was "at least $800 and probably more ... probably add another $100 on top of that." She admitted that she did not "itemize all the clothing" that she was valuing at $400. At the conclusion of the State's case, appellant's counsel moved for a judgment of acquittal, arguing that the victim's testimony did not properly establish the value of the property. The trial court took the matter under advisement, but allowed the case to go the jury, and denied the motion at the sentencing hearing after finding that "the evidence was adequate to establish prima facie satisfaction of the element of value."
The trial court's ruling on the motion for judgment of acquittal is subject to de novo review. Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001)(en banc). As recognized by the Fourth District in I.T. v. State, 796 So.2d 1220 (Fla. 4th DCA 2001), the issue of whether a trial court errs in denying a motion for judgment of acquittal because the State failed to prove the value of the property involves a two-prong process. I.T., 796 So.2d at 1221 (citing Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)). First, the court must determine whether the person testifying is competent to testify as to the value of the property. Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft. Id.; see also Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002). The competency of the victim/owner was conceded by appellant below and that issue is, therefore, not before us.
The evidence was insufficient to prove the value of the property in this case because *663 the value was estimated and no other proof was presented. Gilbert, 817 So.2d at 982 (citing I.T., 796 So.2d at 1222 (finding evidence insufficient where person testifies that two of the items are probably worth two or three hundred dollars and a third item was "worth at least that much"); Moore v. State, 183 So.2d 563 (Fla. 4th DCA 1966) (finding testimony that cost of replacing stolen item was approximately $300 was insufficient where the approximation was not directed solely to stolen item); Toler v. State, 779 So.2d 594 (Fla. 2d DCA 2001) (finding owner's testimony that property was "roughly" in excess of $300 insufficient); In the Interest of F.R., 539 So.2d 588, 590 (Fla. 1st DCA 1989) (finding evidence insufficient where owner estimated property's value at "about 310 [dollars], something like that")). The victim's testimony was an approximation at best, and the State also failed to elicit any testimony as to the condition of the property[1] at the time of the theft, thereby failing to establish the total market value of the items taken.
Accordingly, this court concludes that the evidence at trial was insufficient to support a conviction for grand theft, and that the motion for a judgment of acquittal should have been granted. Appellant's conviction should be reduced from grand theft to petit theft. This case is remanded for resentencing.
Reversed and remanded with directions.
DAVIS, BROWNING and POLSTON, JJ., concur.
NOTES
[1] The property in this case included a range of items, i.e., one tarp, box of hair rollers, two rental movies, forty (unidentified) pieces of clothing, laundry soap, wine bottle, laundry basket, camera, four rolls of film, Sony Walkman, twenty-eight cassette tapes, CD, disposable camera, beach bag with suntan lotion and water, and one Nokia cell phone.