DAMOORGIAN, J.
 

 Devin Blount (“defendant”) appeals his conviction for third-degree grand theft and battery. We affirm defendant’s battery conviction, but reverse his grand theft conviction and remand for the trial court to adjudicate him guilty of the Iesser-included offense of petit theft and resentence him accordingly.
 

 On January 25, 2008, defendant was arrested at a retail store for the theft of a 15-inch LCD TV, a DVD player, and three pairs of Dickie pants. At trial, the store’s loss-prevention officer, who detained defendant with another employee, testified that the TV’s price was about “$200, $300” and the DVD player’s price was about “$80.” The loss-prevention officer did not testify as to the price of the three pairs of pants; however, he stated that the TV, DVD player, and pants were undamaged
 
 *663
 
 after the incident. The investigating police officer subsequently testified, based off his probable cause affidavit, that the total of the TV, DVD player, and pants was $479.96. After the State rested, defendant moved for judgment of acquittal, contending that the State failed to present sufficient evidence regarding the value of the TV, DVD player, and pants. The trial court denied defendant’s motion, finding that the State made a prima facie showing on the elements of grand theft. On appeal, defendant asserts that the trial court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence that the TV, DVD player, and pants were valued at $300 or more.
 

 A trial court’s denial of a motion for judgment of acquittal is subject to de novo review.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.”
 
 Id.
 
 To establish grand theft, the State must prove beyond a reasonable doubt that the value of stolen property is “$300 or more, but less than $5,000.”
 
 See
 
 § 812.014(2)(c)l., Fla. Stat. (2008). Evidence is generally insufficient to prove the value of stolen property is $300 or more, where the property’s value is estimated.
 
 See Gilbert v. State,
 
 817 So.2d 980, 982-83 (Fla. 4th DCA 2002).
 

 In this case, the loss-prevention officer testified that the TV and DVD player’s prices were about “$200, $300” and “$80,” respectively, and did not provide a price for the three pairs of pants. The loss-prevention officer’s estimates are insufficient evidence to prove the value of the TV and DVD player.
 
 See id.
 
 The investigating police officer’s testimony that the TV, DVD player, and pants totaled $479.96 is also insufficient evidence of value, even when viewed in conjunction with the loss-prevention officer’s testimony. The police officer did not provide any basis for the $479.96 total, such as the specific values of the TV, DVD player, and pants, or how or when the total was calculated, or who calculated it.
 
 See Evans v. State,
 
 452 So.2d 1040, 1041 (Fla. 2d DCA 1984) (holding that the State failed to prove value for grand theft, where there was no evidence of the specific values and price tags for the stolen retail property in the defendant’s possession).
 

 Accordingly, we affirm defendant’s battery conviction. However, because the State failed to prove beyond a reasonable doubt that the TV, DVD player, and pants were worth $300 or more, we reverse defendant’s conviction for grand theft and remand for the trial court to adjudicate defendant guilty of the lesser-included offense of petit theft and resentence him accordingly.
 

 Affirmed in part, Reversed in part, and Remanded.
 

 FARMER and HAZOURI, JJ., concur.