BENTON, C.J.
Lonnie Fritts appeals his conviction for grand theft, a felony of the third degree. Because evidence of value was insufficient to prove the felony beyond a reasonable doubt, we reverse with directions to enter judgment for the lesser included offense of petit theft, and to resentence him accordingly.
“We review de novo the trial court’s denial of a motion for [judgment of acquittal], to determine solely whether the evidence is legally sufficient.” Robinson v. State, 986 So.2d 1164, 1166 (Fla. 1st DCA 2006) (citing Pagan v. State, 830 So.2d 792, 803 (Fla.2002); Jones v. State, 790 So.2d 1194, 1196 (Fla. 1st DCA 2001) (en banc)). “The legal test for determining whether a JOA should be granted is “whether after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment.’ ” Id. (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). In the present case, the state had the burden of proving, inter alia, that the value of the property Mr. Fritts unlawfully obtained was $300 or more. See § 812.014(2)(c), Fla. Stat. (2007).
“Value means the market value of the property at the time and place of the offense ....” § 812.012(10)(a)l., Fla. Stat. (2007). The value of tangible personal property may be proved with evidence of the original purchase price, together with the percentage or amount of depreciation since the property’s purchase, its manner of use, and its condition and quality. See Pickett v. State, 839 So.2d 860, 861-62 (Fla. 2d DCA 2003) (citing Negron v. State, 306 So.2d 104, 108 (Fla.1974), receded from on other grounds, Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980)). Here, the property owner’s testimony as to the value of a television (“probably worth a hundred bucks now”), a DVD/VCR combination (“[a]bout a hundred fifty bucks, maybe”), and a stereo set (“[a]bout $200”) was equivocal and uncertain. The property owner did testify to what he paid to purchase two of the items, and to when he had acquired the television, but this testimony did not establish the value of any of the items at the time of the theft beyond a *432 reasonable doubt, considering the nature of the property. See Lucky v. State, 25 So.3d 691, 692 (Fla. 4th DCA 2010) (“Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence....”).
“[A]n owner is generally presumed as competent to testify to the value of his stolen property.” Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). But a property owner’s mere guess at, or uninformed estimate of, the value of his property is insufficient, without more, to establish its value beyond a reasonable doubt. See Sellers v. State, 838 So.2d 661, 663 (Fla. 1st DCA 2003) (citing Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002)). Mr. Cappelletti, the owner of the property at issue here, conceded on cross-examination that he had guessed at the values to which he testified.
Accordingly, pursuant to section 924.34, Florida Statutes (2010), we reverse the conviction and sentence for felony grand theft, and remand with directions to enter judgment for the lesser included offense of petit theft, a misdemeanor; and to resen-tence appellant accordingly. See § 812.014(3)(a), Fla. Stat. (2007). ’
Reversed and remanded, with instructions.
PADOVANO and WETHERELL, JJ., concur.