POLEN, J.
 

 Appellant, Larry Williams, appeals the trial court’s judgment and sentence, adjudicating him guilty of grand theft in violation of section 812.014, Florida Statutes (2006), and sentencing him to five years in prison. We reverse Williams’ conviction for grand theft and remand for entry of a conviction for petit theft.
 

 Williams was arrested for burglary of a structure and grand theft on February 24, 2006. On March 22, 2006 the State filed an information charging Williams, along with three co-defendants, with Count I (burglary of a dwelling), Count II (grand theft), and Count III (possession of burglary tools). Williams entered a plea of not guilty. The burglary and theft were alleged to have occurred at the home of Cynthia Rhoat.
 

 At trial, Officer Tersigni testified that on February 24, 2006, while he was off-duty, he was riding his bicycle around the Forest Ridge neighborhood in Davie, Florida at around 10:15 a.m., when he observed a white Dodge Neon traveling eastbound at a very slow rate of speed. As he passed by the vehicle, he observed the driver, and also two passengers lying in the rear seats. He then called his dispatcher, advising him to send a couple' of units because he believed the occupants of the car were going to break into a house. Sometime later, Officer Hones, called Tersigni on his cell phone to notify him that he had stopped a vehicle matching the description. Detective Kiso testified that while en route to the traffic stop, he observed three black males walking on Nob Hill Road who matched the description of the individuals he was looking for. He then encountered them and conducted a pat down of the suspects, which revealed the following: co-defendant Limart Boilwater’s pockets were “loaded with jewelry, all four pockets, front and rear”; Williams’ pockets were “jam-packed with wadded cash. U.S. currency.” Each bill was “crumbled up”; and co-defendant Jerome’s pockets had money, jewelry and two small pieces of a spark plug. . After Kiso emptied Williams’ pockets, he said he stuffed the large quantity of . loose cash into a ziploc bag. When he got to the department and straightened out and sorted the money to count it, he testified that he discovered shards of broken glass with the money; however, he could not verify that the glass found on Williams matched the glass found at Rhoat’s house. .Besides the money and glass, Kiso testified that nothing else was found on Williams. After the property was recovered from the suspects, it was photographed, logged and returned to Rhoat. Kiso did not testify as to the amount of money found on Williams. Likewise, Tersigni did not testify as to what was found on Williams or what was alleged to have been stolen from Rhoat.
 

 Rhoat testified that upon arriving at her house, the officers came to her with a bag of money and a bag of jewelry. Rhoat recognized her jewelry because she has “a lot of custom pieces made that are specifically snow white.” Rhoat also identified the money as being familiar to her because she kept Sacagawea coins, $2 bills, crumpled bills, and Susan B. Anthony dollar coins. Detective Kiso returned almost $2,000 and jewelry to her-. At trial, Rhoat was shown State’s Composite Exhibit 9 (a set of 11 photographs). ■ Rhoat testified that photographs # 5 and #11 accurately depicted the jewelry and some specific cur
 
 *375
 
 rency (the Sacagawea coins, $2 bills, and different denominations of coins) that were returned to her. However, Rhoat never testified as to how much U.S. currency was taken from her on February 24, 2006.
 

 After the State rested, Williams moved for judgment of acquittal, arguing that the State did not link the cash found on Williams to the theft, which the trial court denied.
 
 [1]
 
 The trial court then refused the State’s request for a principal instruction and, therefore, the jewelry was not attributable to Williams. The jury returned a not guilty verdict on burglary of a dwelling and a guilty verdict on the grand theft charge. At the sentencing hearing, Williams moved for judgment notwithstanding the verdict, which,was denied. The court sentenced Williams as a habitual offender to five years’ incarceration. This appeal followed.
 

 On appeal, Williams argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to present any evidence to establish the value element of the money alleged to have been taken, the amount of money found on Williams, and the link between the money recovered from Williams and the money alleged to have been stolen from Rhoat. We agree.
 

 “In reviewing a motion for judgment of acquittal, a de novo standard of review applies.”
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). “Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.”
 
 Id.
 
 “If after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.”
 
 Id.
 
 “However, if the State’s evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant’s reasonable hypothesis of innocence.”
 
 Id.
 

 To establish grand theft, the State must prove that the value of the stolen property is “$300 or more, but less than $5,000,”
 
 see
 
 § 812.014(2)(c)(l), Fla. Stat. (2006), “beyond and to the exclusion of every' reasonable doubt.”
 
 Gilbert v. State,
 
 817 So.2d 980, 982 (Fla. 4th DCA 2002). In order to determine whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal, the court must ascertain whether the person testifying is competent to testify as to the value of the property.
 
 I.T. v. State,
 
 796 So.2d 1220, 1221 (Fla. 4th DCA 2001);
 
 Taylor v. State,
 
 425 So.2d 1191, 1193 (Fla. 1st DCA 1983). One’s competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property.
 
 Taylor,
 
 425 So.2d at 1193.
 

 In this case, Rhoat did not testify at trial as to either the specific amount, or even a general approximation, of U.S. currency that was taken from her residence. Rhoat only testified that she had U.S. currency taken, $2 bills, Sacagawea coins, Susan B. Anthony coins, and crumpled bills. Thus, Rhoat did not have personal knowledge as to the amount of U.S. currency that was taken from her. Although $2,000 in cash was
 
 returned
 
 to her, this does not establish what was
 
 taken
 
 from her. When Williams was arrested, his pockets contained cash; however, there was no testimony at trial as to the specific amount of cash recovered from Williams. Although
 
 *376
 
 the State offered photographs of the cash recovered from the three individuals stopped by Detective Kiso, it is not clear from the record which cash was found on Williams. Further, although it is a reasonable inference that Williams did steal money from Rhoat, this fact alone does not lead to the conclusion that all of the money found on Williams was taken from Rhoat. Thus, the State failed to exclude Williams’ reasonable hypothesis of innocence that all the money found on him was not taken from Rhoat.
 

 Because a conviction for grand theft requires the State to prove beyond a reasonable doubt that the value of the stolen property is $300 or more, but less than $5,000, the critical issue in this case is how much money was actually taken by Williams from Rhoat. As this element was not proven by the State, we hold that the trial court erred in denying Williams’ motion for judgment of acquittal as to grand theft, as the State did not present sufficient evidence to establish the value element of the U.S. currency alleged to have been taken from Rhoat, the amount of U.S. currency found on Williams, and the link between the U.S. currency recovered from Williams' and the U.S. currency alleged to have been stolen from Rhoat. Consequently, the State failed to prove the required elements of section 812.014, Florida Statutes (2006). However, we find that there was competent substantial evidence adduced at trial for the jury to find that Williams did commit theft. Therefore, on remand the trial court shall reduce Williams’ conviction to petit theft.
 

 Reversed and Remanded.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.
 

 [1]
 

 . The trial court did grant a judgment of acquittal on Count III (possession of burglary tools).