PER CURIAM.
After a jury trial, appellant, Harry Austin, was found guilty of burglary of a dwelling, grand theft, possession of cocaine, possession of drug paraphernalia and resisting an officer without violence. He raises four issues in this appeal, three of which we find to be without merit and affirm. As to Austin’s conviction for grand theft, because the evidence presented by the state was insufficient to prove beyond a reasonable doubt that the value of the property stolen was $300 or greater as required in a prosecution for grand theft, we reverse with directions to enter judgment for the lesser included offense of petit theft and resentence him on that count.
For a charge of grand theft, the state had the burden of proving, inter alia, that the value of the property stolen was $300 or greater. See § 812.014(2)(c), Fla. Stat. (2005). Section 812.012(10)(a)l., Florida Statutes (2005), defines “value” as “the market value of the property at the time and place of the offense.” “The value of tangible personal property may be proved with evidence of the original purchase price, together with the percentage or amount of depreciation since the property’s purchase, its manner of use, and its condition and quality.” Fritts v. State, 58 So.3d 430, 431 (Fla. 1st DCA 2011) (citation omitted).
The property owner testified that his parents paid about $1500 for the laptop computer which was stolen two years later. When asked how much it would cost to replace it with a similar computer, the property owner answered “a couple hundred dollars.” He further testified that it would cost at least $500 or $600 to get a new laptop computer with the same programs but he did not know how much a used laptop identical to his would cost. Although the property owner testified to what was paid for the laptop and when he acquired it, this testimony did not establish beyond a reasonable doubt that its value was $300 or greater at the time of the theft, especially considering the nature of the property. “Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices.” Lucky v. State, 25 So.3d 691, 692 (Fla. 4th DCA 2010).
Because the evidence does not sustain the grand theft conviction pursuant to section 924.34, Florida Statutes (2011), we reverse the conviction for felony grand theft and remand with directions to enter judgment for the lesser included offense of petit theft, a misdemeanor, and to resen-tence Austin on this count. We affirm as to all other counts.

Affirmed in Part; Reversed in Part and Remanded with Directions.

GROSS, C.J., HAZOURI and GIKLIN, JJ., concur.