M.S.O., a child, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D10-3398.
District Court of Appeal of Florida, Fourth District.
November 2, 2011.
Carey Haughwout, Public Defender, and Nicole M. Ramos, Assistant Public Defender, West Palm Beach, for appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, juvenile M.S.O., was adjudicated delinquent for grand theft. We reverse with directions to enter judgment for the lesser included offense of petit theft and for resentencing.
On a charge of grand theft of the third degree, the state is required to prove that the value of the stolen property at the time of the theft is $300 or more. § 812.014(2)(c), Fla. Stat. (2009). "Value means the market value of the property at the time and place of the offense" § 812.012(10)(a)1., Fla. Stat. (2009). In the absence of direct testimony as to market value, "proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction." Lucky v. State, 25 So. 3d 691, 692 (Fla. 4th DCA 2010) (quoting Gilbert v. State, 817 So. 2d 980, 982 (Fla. 4th DCA 2002)).
In this case, the property owner testified that he purchased the laptop M.S.O. was charged with stealing for $1,000 four years prior to the theft. He estimated that $600 was an approximate "depreciated value" of the laptop at the time it was stolen, based on his use of "the IRS standard deduction of 15 percent a year for depreciation." Given the nature of the property, we conclude this testimony was insufficient to establish a value of $300 or more at the time of the theft beyond a reasonable doubt. See id. ("Electrical components like televisions, computers, and stereo systems are subject to accelerated obsolescence because manufacturers are constantly releasing new, improved technology at lower prices."). See also Austin v. State, 64 So. 3d 139, 140 (Fla. 4th DCA 2011) (holding evidence insufficient to establish value of $300 or more where laptop computer was purchased for $1500 and stolen two years later, could be replaced with a "similar computer" for "a couple hundred dollars," and "it would cost at least $500 or $600 to get a new laptop computer with the same programs").
Accordingly, we reverse M.S.O.'s adjudication of delinquency for third degree grand theft and remand for the trial court to enter judgment for the lesser included offense of petit theft. § 924.34, Fla. Stat. (2011). As to the other issue raised on appeal, we affirm.
Affirmed in part, reversed in part, and remanded with directions.
TAYLOR, HAZOURI and LEVINE, JJ., concur.
Not final until disposition of timely filed motion for rehearing.