GROSS, J.
After a jury trial, the defendant was acquitted of burglary of a dwelling but convicted of first-degree petit theft, which requires proof that the property stolen is “valued at $100 or more, but less than $300.” § 812.014(2)(e), Fla. Stat. (2010). Because there was insufficient evidence to support the jury’s finding of value, we reverse and remand to the circuit court for the entry of a judgment of guilt for second degree petit theft.[1] See § 812.014(3)(a), Fla. Stat. (2010).
At trial, the victim of the theft briefly testified about the value of the property taken. The prosecutor asked her, “If you had to assign monetary value to this jewelry, what would it be?” The victim responded, “I don’t know, a couple of hundred dollars maybe.” She did not know the value of a camera purchased by her husband, but guessed that it was worth “maybe a hundred dollars.” Finally, when questioned about two stolen remote controls, the victim twice stated that she did not know their value, but speculated a price of $20 each.
At the close of the State’s case, the defendant moved for a judgment of acquittal on the charge of felony grand theft. The court denied the motion, and the jury found the defendant guilty of first-degree petit theft, a lesser included misdemeanor offense. On appeal, the defendant challenges the trial court’s ruling on his motion for judgment of acquittal.
When reviewing a trial court’s ruling on a motion for judgment of acquittal, “the appellate court determines whether the [S]tate introduced competent substantial evidence to support the guilty verdict.” Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002). The defendant, as the moving party, admits all facts introduced in evidence, and every fair and reasonable inference must be drawn in favor of the State. Maglio v. State, 918 So.2d 369, 374 (Fla. 4th DCA 2005). A motion for judgment of acquittal should not be granted “unless the evidence is such that *1286 no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.” Ackon v. State, 14 So.3d 1146, 1148 (Fla. 4th DCA 2009) (quoting Darling v. State, 808 So.2d 145, 155 (Fla.2002)).
A conviction for first-degree petit theft requires competent substantial evidence showing that the defendant stole property with a “value” at the time of the theft between $100 and $300. See § 812.014(2)(e), Fla. Stat. (2010); Williams v. State, 59 So.3d 373, 375 (Fla. 4th DCA 2011). “Value” is defined as “the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.” § 812.012(10)(a)(l), Fla. Stat. (2010).
“Value” is an essential element of grand theft that must be proven by the State beyond and to the exclusion of every reasonable doubt. See Marrero v. State, 71 So.3d 881, 887 (Fla.2011); Steffen v. State, 901 So.2d 950, 951 (Fla. 4th DCA 2005).
In this case, the sole evidence introduced by the State to establish the market value of the stolen property was the direct testimony of the victim, who was the owner.[2]
It is well-established that “an owner is generally presumed as competent to testify to the value of his stolen property.” I.T. v. State, 796 So.2d 1220, 1221-22 (Fla. 4th DCA 2001) (quoting Taylor v. State, 425 So.2d 1191, 1193 (Fla. 1st DCA 1983)); see also State v. Hawthorne, 573 So.2d 330, 333 n. 6 (Fla.1991). However, “[ojne’s competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property.” Williams, 59 So.3d at 375 (citing Taylor, 425 So.2d at 1193); see also Charles W. Ehrhardt, Florida Evidence § 701.1, at 686 (2006 ed.) (stating that an owner must confirm a “presumed familiarity with the property and the knowledge and acquaintance of its usage and purposes”).
Accordingly, this Court has “adopted a two-pronged test for determining whether the evidence adduced at trial to prove the value of the stolen property is sufficient to withstand a motion for judgment of acquittal.” Lucky v. State, 25 So.3d 691, 692 (Fla. 4th DCA 2010) (quoting Mansfield v. State, 954 So.2d 74, 76-77 (Fla. 4th DCA 2007)).
First, an owner, though presumed competent to testify to the value of stolen property, must demonstrate personal knowledge of the characteristics of the stolen property, such as the quality, cost, and condition of the property. See Taylor, 425 So.2d at 1193. The competence presumed of an owner is fragile, and where the owner shows a lack of familiarity with the stolen property, the opinion evidence will not support a determination of value. See, e.g., Trailer Ranch, Inc. v. Levine, 523 So.2d 629, 632 (Fla. 4th DCA 1988).
Second, the trial court must ascertain whether the State presented sufficient evidence to prove the value of the stolen property beyond a reasonable doubt. Mansfield, 954 So.2d at 76.
*1287 Rather than offering a bare opinion, an owner’s estimate of the value of stolen property must be supported by facts that show enough familiarity with the property to lend credence to the opinion. See Gilbert, 817 So.2d at 982; (citing Moore v. State, 183 So.2d 563, 564 (Fla. 4th DCA 1966); In Interest of F.R., 539 So.2d 588, 590 (Fla. 1st DCA 1989)); see also Gonzalez v. State, 40 So.3d 86, 89 (Fla. 4th DCA 2010) (in the context of restitution, a victim’s mere opinion testimony on the value of stolen property is insufficient and must be supported by a sufficient predicate to ground the opinion).
Thus, Florida courts have found that an owner’s opinion of fair market value is sufficient where it is supported by “evidence establishing the condition, quality, age, or depreciation of the item at the time it was stolen.” K.W. v. State, 983 So.2d 713, 715 (Fla. 2d DCA 2008); see also L.D.G. v. State, 960 So.2d 767, 767-68 (Fla. 4th DCA 2007); Jackson v. State, 23 So.3d 206, 207 (Fla. 4th DCA 2009) (giving preference to a cash register receipt totaling the stolen items over testimony from store manager).
By contrast, where “the value of the property is estimated and no other proof is presented,” the owner’s evidence is insufficient to prove fair market value. Gilbert, 817 So.2d at 982; see also Blount v. State, 30 So.3d 662, 663 (Fla. 4th DCA 2010); Sellers v. State, 838 So.2d 661, 662-63 (Fla. 1st DCA 2003); Toler v. State, 779 So.2d 594, 595 (Fla. 2d DCA 2001). For example, in Gilbert, the State asked the owner to “roughly ” approximate the value that the victim had paid for the property that was stolen. 817 So.2d at 982 (emphasis in original). The owner testified that a video game system cost two hundred dollars, that headphones cost forty-five dollars, and that a VCR was “like one hundred.” Id. (emphasis in original). The owner also added that she had owned the items for a “[c]ouple of months.” Id. This court held that the State failed to establish that the total market value of the stolen property exceeded $300 for two reasons. First, the State asked for and, in at least once instance, received an unsubstantiated estimate as to the value of stolen property. Second, the State failed to elicit testimony on the condition of the property at the time of the theft. Id. at 983.
In this case, the State, by introducing only the victim’s speculative testimony, offered even less evidence of value than that provided in Gilbert. Here, much like Sellers, a First District decision, the evidence of “value was estimated and no other proof was presented.” 838 So.2d at 663 (citing Gilbert, 817 So.2d at 982). Further, “the State also failed to elicit any testimony as to the condition of the property at the time of the theft.” Id. Although the victim indicated that her husband had purchased the camera, the State neglected to question the husband about the camera’s value when he took the stand. Since the State failed to support the victim’s opinions with additional evidence of value, it failed to establish the total market value of the items taken.
Consequently, the jury could not lawfully take a view of the evidence favorable to the State, and, as a result, the trial court erred in denying defendant’s motion for judgment of acquittal.
Accordingly, we reverse the conviction for first-degree petit theft and remand to the circuit court for the entry of a judgment of guilt for second-degree petit theft.

Reversed and Remanded.

TAYLOR and CONNER, JJ., concur.

. Section 924.34, Florida Statutes (2010), provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
See also State v. Sigler, 967 So.2d 835, 844 (Fla.2007) (holding that section 924.34 is "a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment" for a lesser offense when all of the elements of the lesser offense have been determined by the jury).

. Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation. See Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993) (quoting Mansingh v. State, 588 So.2d 636, 638 (Fla. 1st DCA 1991)).