PER CURIAM.
Appellant was convicted of burglary of a dwelling, possession of burglary tools, and grand theft of a dwelling. We affirm the convictions for burglary of a dwelling and possession of burglary tools without comment. We reverse the conviction for grand theft of a dwelling, as we find that the trial court erred in denying appellant’s motion for judgment of acquittal regarding the evidence of the value of the stolen property. As to that count, we remand for entry of a judgment and sentence for second-degree petit theft.
At trial, the victim testified that she paid “around fourteen, fifteen hundred” for the stolen laptop, which was “approximately two years old,” and around $130 each for the stolen camera and iPod, which were both less than six months old. “Value means the market value of the property at the time and place of the offense[.]” § 812.012(10)(a)l., Fla. Stat. (2009). We have “previously held that mere evidence of the purchase price of an electronic device is insufficient to establish its current value.” Aycock v. State, 87 So.3d 1259, 1260 (Fla. 4th DCA 2012). See, e.g., Austin v. State, 64 So.3d 139 (Fla. 4th DCA 2011). The state, therefore, failed to prove the market value of the items was $100 or more at the time of the offense. §§ 812.012(10)(a)l., 812.014(2)(d), Fla. Stat. (2009). As a result, we reverse the conviction for grand theft and direct the trial court to adjudicate appellant guilty of the lesser-included offense of second-degree petit theft,[1] and to resentence appellant accordingly.

Affirmed in part, reversed in part, and remanded.

WARNER, GERBER and LEVINE, JJ., concur.

. Section 812.014(3)(a), Florida Statutes (2009), provides that "[t]heft of any property not specified in subsection (2) is petit theft of the second degree and a misdemeanor of the second degree.” We note that "the trier of fact may find the value to be not less than a certain amount” under section 812.012(10)(b), Florida Statutes (2009), only where "the value of property cannot be ascertained,” which is distinct from "the State's failure to present evidence of value (although capable of valuation).” Marrero v. State, 71 So.3d 881, 888-89 (Fla.2011).