DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**M.K.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4635

[July 9, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 11-009512 DL00B.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

M.K. appeals an order finding him guilty of first-degree petit theft and the subsequent disposition order withholding adjudication and imposing probation. M.K. argues the state failed to prove that the value of the stolen property amounted to at least $100, a requisite for a finding of first-degree petit theft pursuant to section 812.014(2)(e), Florida Statutes (2011), and therefore he could not be found guilty of anything more than second-degree petit theft. We agree.

After a classmate's necklace was stolen, M.K. was charged with third-degree grand theft, which section 812.014(2)(c)1., Florida Statutes (2011), defines as the theft of property valued at $300 or more, but less than $5,000. The stolen necklace was not recovered.

At the adjudicatory hearing on the charge, the state's sole evidence of the value of the necklace was the testimony of the twelve-year-old victim,

who explained that the necklace was Gucci, "real" gold, and in "fine" condition. The victim also gave a detailed description of the appearance of the charms on the necklace, explained that it was a gift, and, implying that the property must have been genuine gold, stated that her aunt, who purchased the necklace, is allergic to fake gold.

At the close of the state's case, M.K. moved for a judgment of dismissal on the ground that the state failed to prove the value of the necklace. The state conceded "the valuation issue," and the court granted the motion in part and proceeded on a charge of petit theft without specifying the degree.

After the defense rested, M.K. renewed his motion for judgment of dismissal, arguing as he does on appeal that he could only be convicted of second-degree petit theft because the state failed to prove the value of the necklace as $100 or more. The state contended that the property at issue was not just a simple gold necklace, but rather a Gucci necklace with multiple charms, and was therefore worth at least $100. Taking into consideration the victim's personal knowledge of the necklace and her ability to describe it in detail, as well as her perceived intelligence being "far and way above" that of the average twelve-year-old, the trial court denied M.K.'s motion and found him guilty of first-degree petit theft.

M.K. contends the state did not put forth sufficient evidence to establish that the necklace was worth at least $100 because the victim was not competent to testify to its value. The state suggests that the trial court properly found the value of the necklace to be not less than $100 pursuant to section 812.012(10)(b), Florida Statutes (2011):

> (10) "Value" means value determined according to any of the following:
>
> (a)1. Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
>
> . . . .
>
> (b) If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.

To determine whether the evidence adduced at trial to prove the value of stolen property is sufficient to withstand a motion for judgment of dismissal, a two-pronged test is applied:

> First, an owner, though presumed competent to testify to the value of stolen property, must demonstrate personal knowledge of the characteristics of the stolen property, such as the quality, cost, and condition of the property. The competence presumed of an owner is fragile, and where the owner shows a lack of familiarity with the stolen property, the opinion evidence will not support a determination of value.

> Second, the trial court must ascertain whether the State presented sufficient evidence to prove the value of the stolen property beyond a reasonable doubt.

*Sanchez v. State*, 101 So. 3d 1283, 1286 (Fla. 4th DCA 2012) (internal citations omitted). In the absence of direct testimony of market value, "'proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.'" *M.S.O. v. State*, 73 So. 3d 842, 843 (Fla. 4th DCA 2011) (quoting *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010)).

As to the first prong, "[o]ne's competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property." *Williams v. State*, 59 So. 3d 373, 375 (Fla. 4th DCA 2011) (citation omitted).

Simply stated, the victim's lack of familiarity with the quality, length, weight and cost of the stolen necklace rendered her incompetent to testify to its value and purity. Although the victim was able to testify to the condition of the necklace and to the appearance of the charms in detail, her personal knowledge regarding the quality and value of the necklace was very limited, at best.

Additionally, because the necklace was a gift, the victim was unable to testify to its purchase price or replacement cost beyond repeating what she was told by her father or saw from her mother's research on the internet. *See S.M.M. v. State*, 569 So. 2d 1339, 1341 (Fla. 1st DCA 1990) (finding that victim who received stolen jewelry as gift had no personal

3

knowledge of its value, therefore victim's testimony was not competent to establish the value of the jewelry). Without personal knowledge of the value or cost of the necklace, the victim's testimony was insufficient to establish the value of the necklace to be at least $100.

Moreover, the state's argument that the trial court properly found that the necklace was not less than $100 pursuant to section 812.012(10)(b) must fail. Section 812.012(10)(b) provides, "[i]f the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount." In interpreting this provision, the Florida Supreme Court has held that "[a] plain reading of this criminal theft provision reveals that a jury is only allowed to determine a minimum value *instead* of an actual value *if* the value of property *cannot* be ascertained," which is "completely unrelated . . . [to] the State's failure to present evidence of value (although capable of valuation)." *Marrero v. State*, 71 So. 3d 881, 888-89 (Fla. 2011) (emphasis in original); *see also Olivera v. State*, 117 So. 3d 433, 434 n.1 (Fla. 4th DCA 2013) (noting that section 812.012(10)(b) is not a mere alternative to establishing market or replacement value, but rather may only be applied if "the value of the property *cannot* be ascertained") (emphasis in original).

Inexplicably, the state offered no alternative evidence to establish the authenticity, market value, original purchase price, or replacement cost of the stolen item, such as evidence of the current price for a necklace of the same style or for similar Gucci necklaces, or testimony from the victim's mother, father, or aunt. Nor did the state demonstrate that such evidence was unavailable or that the value of the necklace could not be ascertained.

Where the state fails to prove that the stolen property is worth at least $100, a conviction for first-degree petit theft must be reduced to second-degree petit theft. *Ortiz v. State*, 36 So. 3d 901, 902 (Fla. 4th DCA 2010). Consequently, we reverse the order finding M.K. guilty of first-degree petit theft and the disposition order, and we remand for the trial court to enter judgment for second-degree petit theft and hold a new disposition hearing.

*Reversed and remanded with instructions.*

MAY and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4