IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTHONY KEITH COUNCIL,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4382

Opinion filed December 12, 2016.

An appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

Nancy A. Daniels, Public Defender, Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.

B.L. THOMAS, J.

This case comes to us on direct appeal from Appellant's conviction for grand theft over $20,000, a first-degree felony, and burglary of a structure. Appellant appeals only his conviction and corresponding 20-year sentence for grand theft over $20,000. At trial, the State introduced evidence showing that

Appellant broke into a Panama City law office and stole cash, savings bonds, silver coins, a laptop, and an assortment of jewelry including rings, necklaces, and bracelets. To establish the value of the stolen property, the State introduced testimony from the victim and his mother.

Appellant raises three issues on appeal: Whether the trial court erred in allowing the State to elicit testimony as to the value of two stolen diamond rings based solely on inadmissible hearsay; whether the trial court erred in failing to grant his motion for judgment of acquittal as to the property's value exceeding $20,000; and whether the trial court erred by imposing an illegal sentence. Because we agree with Appellant that the value of the two stolen diamond rings was based solely on inadmissible hearsay, we hold that the State failed to introduce competent, substantial evidence showing that the value of the stolen property exceeded $20,000, and we reverse and remand to the trial court to impose a sentence for grand theft over $10,000 but less than $20,000, a third-degree felony. § 924.34, Fla. Stat. (2016).

We review the trial court's denial of a motion for judgment of acquittal de novo. Sellers v. State, 838 So. 2d 661, 662 (Fla. 1st DCA 2003). So long as the State introduced "'substantial, competent evidence to support the verdict and judgment,'" the verdict will not be disturbed. Fritts v. State, 58 So. 3d 430, 431 (Fla. 2011) (quoting Tibbs v. State, 397 So. 2d 1120, 1123 (Fla. 1981)). When a

2

defendant is charged with theft over a specific amount, the element of value is an essential element that the State must prove beyond a reasonable doubt. Cofield v. State, 474 So. 2d 849, 850 (Fla. 1st DCA 1985). Value is defined as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)1., Fla. Stat. (2016).

Courts apply a two-pronged test to determine whether evidence is sufficient to prove the value of stolen property:

> First, the court must determine whether the person testifying is competent to testify as to the value of the property. Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over [the value alleged in the charge] at the time of the theft.

Sellers, 838 So. 2d at 662. An owner of stolen property is presumed competent, because owners generally have personal knowledge as to "quality, cost, and condition of his property." Taylor v. State, 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983). However, "a property owner's mere guess at, or uninformed estimate of, the value of his property is insufficient, without more, to establish its value beyond a reasonable doubt." Fritts, 58 So. 3d at 432.

Here, the victim's mother was not able to testify to the price of her diamond anniversary ring, as the ring was a gift from her late husband. Further, she testified that she did not know about diamonds or the price of diamonds. Thus, under

3

Taylor, she was incompetent to testify as to the value of her diamond rings. 425 So. 2d at 1193.

Because the value of the stolen diamond anniversary ring could not be ascertained, its replacement value would be an "appropriate measure of value." Newland v. State, 117 So. 3d 482, 484 (Fla. 2d DCA 2013). However, the victim's mother did not testify to the purchase price of the replacement ring; rather, she stated that she looked on the computer with the prosecutor to determine the value of a ring that looked identical to the replacement ring. Thus, the State failed to lay the proper foundation to establish the price listed on the computer as a business record, the testimony constituted inadmissible hearsay and was legally insufficient as a matter of law to prove the stolen ring's replacement value. See Cofield, 474 So. 2d at 851 (holding that testimony of value was legally insufficient because it was based off of computer printouts which constituted inadmissible hearsay without a proper foundation established). Because the evidence was only sufficient to support a guilty verdict for grand theft over $10,000 but less than $20,000, a third-degree felony, we reverse and remand for the trial court to resentence Appellant.

REVERSED and REMANDED.

RAY and OSTERHAUS, JJ., CONCUR.