IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ZANTERRIAL DEJOHN
CARTER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-1349

_____/

Opinion filed November 30, 2017.

An appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

Andy Thomas, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Holly N. Simcox and Sharon S. Traxler, Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

      Zanterrial Dejohn Carter was convicted of attempted first-degree premeditated or felony murder, burglary, and grand theft. Carter appeals only from

his conviction for grand theft, claiming the trial court erred by denying his motion for judgment of acquittal because the evidence was insufficient to prove the value element of grand theft. We agree and reverse the grand theft conviction for the trial court to enter a judgment for petit theft.

At trial, the victim testified that his 42-inch flat screen television, 32-inch flat screen television, computer tablet, laptop computer, desktop computer, Xbox 360, surround sound system, and some pictures were stolen from his residence. The victim estimated that the laptop, purchased less than three months prior for "about $640," was worth "maybe about three, 400 bucks" and that the tablet was less than a year old and would have cost "about 250, $300" if purchased "brand new." The 42-inch television, desktop computer, and Xbox 360 were more than a decade old. No testimony established the age of the other items. Without elaborating, the victim testified that all the items together were worth "[b]allpark, three, $4000 easy." The State failed to present evidence of the condition or quality of any of the stolen items.

This Court reviews the denial of a motion for judgment of acquittal de novo "to determine whether competent, substantial evidence supports the elements of the crime." *Chambers v. State*, 200 So. 3d 242, 245 (Fla. 1st DCA 2016). "A judgment of acquittal should only be granted when the jury cannot reasonably view the evidence in any manner favorable to the opposing party." *Criner v. State*, 943 So. 2d 224, 225 (Fla. 1st DCA 2006).

2

The value of the stolen property is an essential element of grand theft. *S.M.M. v. State*, 569 So. 2d 1339, 1340 (Fla. 1st DCA 1990). To prove grand theft as charged in the information, the State was required to establish that the stolen property was "[v]alued at $300 or more." § 812.014(2)(c)1., Fla. Stat. (2015). Value is defined as "the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." § 812.012(10)(a)1., Fla. Stat. (2015). "The value of tangible personal property may be proved with evidence of the original purchase price, together with the percentage or amount of depreciation since the property's purchase, its manner of use, and its condition and quality." *Fritts v. State*, 58 So. 3d 430, 432 (Fla. 1st DCA 2011).

A "mere guess at, or uninformed estimate of" the value of stolen property is insufficient, absent other proof, to establish value beyond a reasonable doubt. *Id.* Testimony approximating the value of property, coupled with a lack of evidence of the property's condition at the time of the theft, fails to establish the value of the items taken. *Sellers v. State*, 838 So. 2d 661, 663 (Fla. 1st DCA 2003).

In this case, the only evidence of the value of the stolen items was testimony providing ballpark estimates at best. The State elicited no testimony regarding the condition and quality of any of the items taken or their depreciation. Without more, the State failed to meet the value element of grand theft. *Id.*; *see also D.H. v. State*,

864 So. 2d 588, 589 (Fla. 2d DCA 2004) (rejecting the State's argument that "the description of the items stolen, by their sheer number and type, indicates a value over $300").

By failing to prove the value of the stolen items beyond a reasonable doubt, the evidence was insufficient to support a conviction greater than petit theft. *See Chambers*, 200 So. 3d at 246. We therefore reverse the grand theft conviction with directions that the trial court enter an amended judgment for petit theft and that it resentence Carter accordingly. In all other respects, we affirm the convictions and sentences.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS, RAY, and JAY, JJ., CONCUR.