DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAROD M. HARRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-913

[January 8, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 17-1369CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction and sentence for grand theft, claiming that the court erred in denying his motion for judgment of acquittal. Because the State failed to produce any legally sufficient evidence of the value of items, we reverse.

The State charged appellant with burglary and grand theft. At his trial, the State presented evidence that two iPads, an iPhone, an Alexa speaker, knick-knacks, a signed baseball, a camera, and jewelry had been taken from the home of a husband and wife and were found in the possession of the appellant. One of the pieces of jewelry was the wife's engagement ring. The husband testified to the purchase price of most of the stolen electronics. He did not testify as to their present condition or provide any information regarding their fair market value. The wife testified and described some of the jewelry, including: pearl earrings with a diamond chip, two gold bracelets, a gold anklet, two necklaces (one with a brown gemstone and the other with a circle of diamonds), a pair of diamond earrings, and a pearl ring with a circle of diamonds. Pictures of some of the jewelry were admitted into evidence. When asked if she could give a

value to some of the items, she said the ones that had been passed down she would not know, but the rest of them, like the ones her husband bought, she could valuate. Over defense objection for lack of proper foundation, the wife estimated that her engagement ring had a value of "probably $3000." The earrings had been purchased by her mother and those cost $900. She clarified that she was with her mother when the earrings were purchased. A necklace with a brown pendant was "worth probably about a hundred."

Upon the close of the State's case and again at the close of all the evidence, appellant moved for judgment of acquittal on the grand theft charge, because there was insufficient proof of the value of the goods taken. The court denied the motion. The jury acquitted appellant of the burglary charge but convicted him of grand theft. He was sentenced to five years in prison. He now appeals the grand theft conviction.

Appellant challenges the denial of his motion for judgment of acquittal. He claims that the evidence was legally insufficient to prove that the fair market value of the stolen items was more than $300. Because the testimony of the victims was insufficient to prove the value of the property, and the State offered no other evidence, we agree with appellant.

Section 812.014(2)(c), Florida Statutes (2017) provides that "if the property stolen is: 1. Valued at $300 or more, but less than $5000" it is grand theft of the third degree. The term "value" has been defined in the theft statute. The relevant part of section 812.012(10), Florida Statutes (2017) provides:

> (10) "Value" means value determined according to any of the following:
>
> (a)1. Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.

In *Bruce v. State,* 276 So. 3d 1, 3 (Fla. 4th DCA 2019), we noted that "'[v]alue' is an essential element of grand theft that must be proven by the State beyond and to the exclusion of every reasonable doubt."

The proof of value requires a two-prong test. "First, the court must ascertain whether the person testifying is competent to testify to the value of property." *Lucky v. State,* 25 So. 3d 691 (Fla. 4th DCA 2010) (quoting *Mansfield v. State,* 954 So. 2d 74, 76-77 (Fla. 4th DCA 2007)). Generally,

2

an owner is presumed competent to testify as to the value of his or her property.  However, "an owner's estimate of the value of stolen property must be supported by facts that show enough familiarity with the property to lend credence to the opinion."  *Sanchez v. State,* 101 So. 3d 1283, 1287 (Fla. 4th DCA 2012) (citations omitted).  "[W]here 'the value of the property is estimated and no other proof is presented,' the owner's evidence is insufficient to prove fair market value."  *Id.*  (citations omitted).

Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove its fair market value beyond a reasonable doubt.  *Lucky,* 25 So. 3d at 692.  "Regarding the second prong, '[a]bsent direct testimony of the market value of the property, proof may be established through the following factors: original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.'"  *Bagnara v. State*, 189 So. 3d 167, 171 (Fla. 4th DCA 2016) (quoting *Lucky v. State*, 25 So. 3d 691, 692 (Fla. 4th DCA 2010)).  "[E]vidence of the purchase price and age of the stolen item, without more, is insufficient."  *Bruce,* 276 So. 3d at 3 (quoting *Tindal v. State,* 145 So. 3d 915, 920 (Fla. 4th DCA 2014)).

In *Sanchez,* when asked to assign a value to stolen jewelry, the victim testified, "I don't know, a couple of hundred dollars maybe."  101 So. 3d at 1285.  She did not know the value of a stolen camera and thought two TV remotes were probably worth $20 each.  *Id.*  We held that such testimony was legally insufficient to prove the fair market value of stolen goods, even though the witness was the owner of the property.  An owner's estimate of the value of his or her property "must be supported by facts that show enough familiarity with the property to lend credence to the opinion."  *Id.* at 1287 (citations omitted).  In *Sanchez* there was none.

In *Bruce*, the items taken included a gold bracelet, costume jewelry, and other items.  There was evidence of the purchase price of items, but not the purchase dates (except for the gold bracelet for which there was testimony that it was several years old).  There were photographs of the items submitted, and the State argued that the "sheer volume of items" allowed a presumption that the total value was at least $300.  We rejected the argument, that based on the number and nature of items, a minimum value could be found.  276 So. 3d at 3-4; *see also Davis v. State,* 48 So. 3d 176, 180 (Fla. 4th DCA 2010).  Additionally, we acknowledged that jurors could not rely on their "life experience" as to the value of items, citing *Marrero v. State,* 71 So. 3d 881 (Fla. 2011) (rejecting proposition that jury could rely on their life experience to establish value of goods for a violation of the grand theft statute).  *Bruce,* 276 So. 3d at 4.

In *Council v. State*, 206 So. 3d 155, 157 (Fla. 1st DCA 2016), evidence of value was similarly held to be legally insufficient to support a grand theft charge. There, the owner of stolen diamond rings could not testify as to the original price of her rings, as they were a gift. She did not know about diamonds or their value. Thus, the court concluded that she was not competent to testify as to their value. *Id.* at 157. She did look on the internet for the value of a replacement ring, but the State did not lay a foundation to establish the computer price as a business record; thus it was inadmissible hearsay. *Id.*

In each of the foregoing cases, the appellate courts found that the evidence of value was legally insufficient to support a conviction of grand theft. Likewise, the market value of the items stolen in this case was not established. While the husband and wife testified to the cost of some of the items, the items were all purchased a while ago and there was no accounting for the general condition and quality or depreciation of the items. The only item for which the wife testified to its present value was her engagement ring, but the State elicited no evidence to show her personal familiarity with the value of the ring. There was even less evidence offered than was provided in *Council.* Further, her estimate that it was "probably" worth $3,000 is speculative. Because there was no legally sufficient evidence to prove that the stolen items were valued at $300 or more, the court erred in denying a judgment of acquittal as to grand theft, although appellant could be found guilty of petit theft. *See* § 812.012(10)(b), Fla. Stat. (2017).

We thus reverse appellant's conviction and sentence for grand theft, and remand for the entry of a conviction for petit theft and resentencing.

TAYLOR and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4