# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-3323
_____

PATRICK ANTHONY RIBBING,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda Lee Nobles, Judge.

October 1, 2025

OPINION ON MOTION FOR REHEARING AND/OR CERTIFICATION OF CONFLICT

PER CURIAM.

We deny the pending Motion for Rehearing and/or Certification of Conflict. On our own motion, we withdraw our opinion issued July 9, 2025, and substitute the following in its place.

Patrick Ribbing appeals his convictions for burglary of an occupied structure, possession of burglary tools, and theft of over $100.00 but less than $750.00. Ribbing raises numerous issues on

appeal, only one of which merits discussion.* He argues that the trial court erred in allowing the security guard to testify regarding the value of the stolen property, and without this testimony, the State failed to introduce competent evidence as to the value of the property taken. We agree and reverse and remand.

Ribbing was arrested for stealing a laptop, among other items, from Pensacola State College. The only testimony regarding the value of the items taken came from a security guard at the college who was asked by the State if the laptop was worth between $100.00 and $750.00, and he answered in the affirmative. Defense counsel objected to the question, arguing that the security guard lacked personal knowledge as to the value of the laptop as he was not part of the business administration, inventory, accounting, or purchasing departments at the college. The trial court determined that it was a matter for cross-examination and overruled defense counsel's objection.

On cross-examination, the security guard testified that he was not in charge of inventory and did not work in the IT Department, the computer science department, the accounting department, the purchasing department, or the science department. He also confirmed that he did not keep inventory of school supplies or items used by the school and did not keep a list of school property.

Generally, a trial court's ruling on the admissibility of evidence is subject to an abuse of discretion review. *See McCray v. State*, 919 So. 2d 647, 649 (Fla. 1st DCA 2006) (citing *Globe v. State*, 877 So. 2d 663, 673 (Fla. 2004)). However, the trial court's discretion in admitting evidence is limited by the rules of evidence

---

* Appellant claims on appeal that there was insufficient evidence to support his three convictions. But because Appellant failed to move for judgment of acquittal at trial, he must show on appeal that "the evidence is insufficient to show that a crime was committed at all." *F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003). Appellant is unable to meet this burden as the evidence establishes that he committed, at the very least, the crime of trespass. Appellant is free to seek postconviction relief under Florida Rule of Criminal Procedure 3.850.

and relevant case law, and "[a] court's erroneous interpretation of these authorities is subject to *de novo* review." *Id.* (citing *Gilliam v. Smart*, 809 So. 2d 905 (Fla. 1st DCA 2002)).

When a specific amount is at issue in a theft charge, the State must prove the value of the stolen property beyond a reasonable doubt. *See Council v. State*, 206 So. 3d 155, 156 (Fla. 1st DCA 2016). "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property taken within a reasonable time after the offense." § 812.012(10)(a)1., Fla. Stat. To assess the sufficiency of evidence regarding the stolen property's value, courts apply the following two-part test:

> First, the court must determine whether the person testifying is competent to testify as to the value of the property. Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over [the value alleged in the charge] at the time of the theft.

*Council*, 206 So. 3d at 157 (quoting *Sellers v. State*, 838 So. 2d 661, 662 (Fla. 1st DCA 2003)). Competency is premised upon the personal knowledge a witness has in relation to the property stolen. *See Taylor v. State*, 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983) ("If the lay witness has personal knowledge of the property, he is competent to express an opinion as to the value of his employer's property.").

Here, the trial court abused its discretion when it allowed the security guard to testify as to the value of the laptop as he was not competent to do so given he lacked the personal knowledge necessary. *See Jones v. State*, 408 So. 2d 690, 691 (Fla. 2d DCA 1982) (noting that although the witness may have been working on the night of the theft, "there [was] nothing in the record to demonstrate that [he] possessed the requisite knowledge to testify concerning the market value of the [stolen item]"). Absent acknowledging that the security guard worked in that position for several years, the State did not offer anything to demonstrate that he had personal knowledge as to the fair market value of the laptop, and there is nothing in the record to demonstrate that the

security guard possessed the requisite knowledge to testify regarding the market value of the laptop.

Having determined that the trial court erred in admitting the security guard's testimony, we must determine whether the error was harmful. It was. Without the security guard's testimony, the State was unable to prove the value of the goods taken as no other evidence was admitted on the subject. *See Cofield v. State*, 474 So. 2d 849, 851 (Fla. 1st DCA 1985) (reversing conviction for grand theft finding improperly admitted evidence of value was harmful error). Because the State failed to establish the value of the stolen goods, we reverse and remand with instructions that the trial court vacate the judgment and sentence on the charge of theft ($100 or more, but less than $750), a first-degree misdemeanor, and enter a judgment for petit theft, a second-degree misdemeanor.

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY, KELSEY, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Robert Charles "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.